UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AMB PROPERTY, L.P.,

Plaintiff,

v.

LAW GIBB GROUP, INC. AND
LAW ENGINEERING AND ENVIRONMENTAL SERVICES, INC.,

Defendants.

CIVIL NO. 01-2342 (RHK/JMM)

REPORT AND RECOMMENDATION

The above matter came on for hearing before the undersigned on March 18, 2002 upon Defendant's Motion to Dismiss [Docket Nos. 4 and 12]. Joan M. Quade, Esq. appeared on behalf of Plaintiff; Mary Cullen Yeager, Esq. appeared on behalf of Defendants. The matter is before the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendant's Motion to Dismiss [Docket Nos. 4 and 12] be denied.

## FINDINGS OF FACT/REPORT

### I. BACKGROUND/PARTIES

This case involves a dispute primarily between Law Engineering and Environmental Services, Inc. ("Law Engineering") and AMB Property, L.P. ("AMB") arising out of allegations that one of the parties breached an agreement regarding the

MAR 2 2 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

maintenance and repair of a roof.[1] Law Engineering commenced a declaratory judgement action in Hennepin County District Court seeking a declaration that AMB breached the agreement (the "State Case"). One day later, AMB commenced an action against Law Engineering and Law Gibb in this Court (the "Federal Case") claiming breach of contract and anticipatory repudiation seeking specific performance, damages and attorneys fees. AMB subsequently removed the State Case from the state court to this Court. Thus, both matters are currently pending in this forum.

Law Gibb and Law Engineering have brought a Motion to Dismiss the Federal Case arguing that it should be dismissed under the first-filed rule because it was commenced one day after the State Case. AMB brought a Motion to Consolidate the matters contending that consolidation is appropriate since both matters were commenced at about the same time and involve basically the same transactions or occurrences.

For the reasons set forth below, we find that the first-filed rule is inapplicable and the Motion to Dismiss should be denied.

## II. ANALYSIS

Law Engineering and Law Gibb urge the Court to Dismiss the Federal Case under the "first filed rule" which provides that where two competing lawsuits are substantially identical, the suit instituted first generally should have priority. As it points out in its Memorandum, this analysis has application where two different federal courts have concurrent jurisdiction over two identical actions. See, e.g., Northwest Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1005 (8th Cir. 1993)("The discretionary power of the federal

---

[1] According to AMB, Law Engineering has merged with or become a subsidiary of Law Gibb Group, Inc. ("Law Gibb").

court in which the first-filed action is pending to enjoin the parties from proceeding with a later-filed action in another federal court is firmly established."); Midwest Motor Express, Inc. v. Central States Southeast, 70 F.3d 1014, 1017 (8thCir. 1996). The application of these principles is designed to avoid the unfairness to the parties and the burden on the Courts which can result where a party to an existing proceeding commences a new action in another jurisdiction. Obviously, only one proceeding is required or appropriate, and the principles set forth in the "first to file" rule are designed to help the Court to select the appropriate jurisdiction, and then to dismiss the other action.

In this case, since both cases are currently pending in the same forum, there are no concerns about fairness issues such as forum shopping or choice of law. Since no such issues are present in this case, there is no need to apply the "first to file" principles. The Court recognizes that certain advantages may attach to the party perceived as the real plaintiff during trial, such as the allocation of the order of argument and presentation of evidence. See D. Minn. LR 39.2. But these are only potential disputes, and they can be fairly resolved at a later time without dismissing either action. The unfairness which the parties seek to avoid does not have to do with the jurisdiction or venue in which the case is pending, and there are other means to deal with any other issues of fairness having to do with the proper alignment of the parties.

In a separate Order, the Court has today ordered the consolidation of the two cases, and the parties have yet to conduct discovery in this case. Once discovery is completed, the parties will be in better position to articulate their respective claims. If any realignment of the parties on certain issues is prudent, one of the parties may make a motion for such realignment if and when the need arises. Anheuser-Busch, Inc. v. John

Labatt Ltd., 89 F.3d 1339, 1344 (8th Cir. 1996) (citing Skogen v. Dow Chemical Co., 375 F.2d 692, 704, 706 (8th Cir.1967) (a district court has wide discretion to set the order of proof at trial). Issues under Local Rule 39.2 may be resolved in a similar fashion.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Defendant's Motion to Dismiss [Docket Nos. 4 and 12] be denied.

Dated: March 21, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before April 5, 2002 a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before April 5, 2002.