UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

AMB Property, L.P., as successor in interest to APT Twin Cities, Inc.,

Plaintiff,

v.

Law Engineering and Environmental Services, Inc.,

Defendant.

Civil No. 01-2342 RHK/AJB

**ORDER ON MOTIONS TO COMPEL DISCOVERY AND AMENDING DEADLINES**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's motion to compel discovery [Docket No. 42] and defendant's motion to compel discovery and extend discovery deadline. [Docket No. 45]. Hearing was held on October 7, 2002, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Bradley A. Kletscher, Esq., appeared on behalf of the plaintiff. Michael B. Lapicola, Esq., appeared on behalf of the defendant.

Based upon the file and documents contained therein, along with memorandums, affidavits, exhibits and arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to compel discovery is **granted in part and denied in part** as further provided herein. [Docket No. 42].

2. Defendant's motion for expedited hearing, to compel discovery, and to extend discovery deadline is **granted in part and denied in part** as further provided herein. [Docket No. 45].



FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. Plaintiff's motion to compel more complete response to Interrogatory No. 2, seeking facts to support the defendant's allegation that it did not breach the June 10, 1997, contract, is denied. The interrogatory has been sufficiently answered.

4. Plaintiff's motion to compel more complete response to Interrogatory No. 4, seeking identification of evidence to support the claim that a roof section does not have to be replaced, is granted to the extent that defendant shall identify pertinent documents that have already been produced by appropriate Bates stamp numbers. Fed. R. Civ. P. 33(d).

5. Plaintiff's motion to compel more complete response to Interrogatory No. 5, seeking specific facts to support the claim that maintenance sites were visited, is granted to the extent that defendant shall identify pertinent documents that have already been produced by appropriate Bates stamp numbers.

6. Plaintiff's motion to compel more complete response to Interrogatory No. 6, seeking specific facts to support the claim that there has not been a roof failure under the contract at issue with respect to 7101 31st Ave., New Hope, MN, is granted to the extent that defendant shall identify pertinent documents that have already been produced by appropriate Bates stamp numbers.

7. Plaintiff's motion to compel more complete response to Interrogatory No. 7, seeking specific facts to support the claim that there has not been a roof failure under the contract at issue with respect to 2360 Pilot Knob Road, Mendota Heights, MN, is granted to the extent that defendant shall identify pertinent documents that have already been produced by appropriate Bates stamp numbers.

8. Plaintiff's motion to compel more complete response to Interrogatory No. 12,

seeking specific facts regarding repairs with respect to 7101 31st Ave., New Hope, MN, is granted to the extent that defendant shall identify pertinent documents that have already been produced by appropriate Bates stamp numbers.

9. Plaintiff's motion to compel more complete response to Interrogatory No. 13, seeking specific facts regarding repairs with respect to 2360 Pilot Knob Road, Mendota Heights, MN, is granted to the extent that defendant shall identify pertinent documents that have already been produced by appropriate Bates stamp numbers.

10. Plaintiff's motion to compel more complete response to Interrogatory No. 14, seeking identification of contacts from plaintiff regarding roof leaks, is granted to the extent that defendant shall identify pertinent documents that have already been produced by appropriate Bates stamp numbers.

11. Plaintiff's motion to compel more complete response to Interrogatory No. 15, seeking identification of evidence to support each of defendant's affirmative defenses is granted. Defendants shall set forth such facts with specificity and in detail with respect to each affirmative defense that is alleged.

12. Plaintiff's motion to compel a more complete response to its interrogatory submitted in connection with its requests for admissions is granted. Defendant shall identify pertinent documents that have already been produced by appropriate Bates stamp numbers.

13. Plaintiff's motion to compel more complete response to Document Request No. 17, seeking all documents relating to corporate officers from June 19, 1997, to the present, is granted as provided herein. Defendant shall identify each of its corporate officers and their job title, from June 19, 1997, to the present. Production of additional documents is not required.

14. Plaintiff's motion to compel more complete response to Document Request No. 18, seeking resumes of employee having knowledge regarding roof conditions, is denied.

15. Plaintiff's motion for an order that its requests for admissions by defendants be deemed admitted is denied.

16. Plaintiff's request for an award of attorney fees incurred in bringing this motion is denied.

17. Defendant's motion for expedited hearing on its motions is granted. The Court has heard and considered defendant's motions, and rulings on such motions are provided herein.

18. Defendant's motion to extend discovery deadlines is granted as follows: (1) the deadline for completion of fact discovery shall be extended to January 1, 2003; (2) plaintiff's expert reports shall be disclosed on or before January 15, 2003; defendant's expert reports shall be disclosed on or before February 1, 2003; and any rebuttal reports shall be disclosed on or before February 15, 2003; (4) expert depositions shall be taken between February 15, 2003, and March 1, 2003. The May 1, 2003, deadline date for filing and hearing on dispositive motions, and the July 1, 2003, ready for trial date, remain unchanged.

19. Defendant's motion to compel further response to its Interrogatory No. 6, seeking information regarding roof inspections, is denied. The Court is not persuaded that the response is deficient in light of plaintiff's supplemental answers and identification of responsive documents, including dated photographs.

20. Defendant's motion to compel further response to its Interrogatory Nos. 8, 9, and 10, seeking information relating to corporate status and history, an assignment agreement,

and ownership history, is denied. The assignment document has been produced and documents relevant to the history of the plaintiff companies have been identified. Court is not persuaded that the response is deficient in light of plaintiff's supplemental answers and further discovery on these matters can proceed by deposition.

21. Defendant's motion to compel further response to its Interrogatory No. 12, seeking information regarding roof modifications since June 10, 1997, is denied. Responses have been supplemented and the Court is not persuaded that the answers are deficient in light of plaintiff's supplementation.

22. Defendant's motion to compel further response to its Interrogatory No. 14, seeking identification of persons responsible for lease negotiations, is denied. Plaintiff has responded and pertinent documents have been identified.

23. Defendant's motion to compel further response to its Interrogatory No. 15, seeking proposals, estimates, and bids for roof repair and maintenance, is denied. Further inquiry can be made by deposition.

24. Defendant's motion to compel further response to its Interrogatory No. 16 is moot. Defendant acknowledges that plaintiff's response, as supplemented, is sufficient.

25. Defendant's motion to compel further response to its Interrogatory No. 18, seeking facts to support a claim for anticipatory repudiation, is denied. The Court is not persuaded that the response is deficient in light of plaintiff's supplemental answers and identification of pertinent documents. Further discovery on this matter can proceed by deposition.

26. Defendant's motion to compel further response to its Interrogatory No. 20,

seeking a computation of damages for loss of business income and good will, is denied. The Court is not persuaded that the response is deficient in light of plaintiff's supplemental answers and identification of pertinent documents. Further discovery on this matter can proceed by deposition.

27. Defendant's motion to compel further response to its Interrogatory No. 1 (Second Set), seeking an accounting of operating expenses charged to each tenant in every year from 1997 to the present, is denied. Plaintiff has responded by reference to pertinent documents and further discovery on this matter can proceed by deposition.

28. Defendant's request for an award of attorney fees incurred in bringing its discovery motion is denied.

Dated: 10/11/02

Arthur J. Boylan
United States Magistrate Judge