**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

AMB PROPERTY, L.P., AS SUCCESSOR IN INTEREST TO APT TWIN CITIES, INC.,

Plaintiff,

Civil No. 01-2342 RHK/AJB

v.

**ORDER ON MOTIONS TO COMPEL**

LAW GIBB GROUP, INC., AND LAW ENGINEERING AND ENVIRONMENTAL SERVICES, INC.,

Defendants,

The above matter came before the Court on Motions to Compel by both parties. [Docket Nos. 64, 68]. A hearing was held on February 4, 2003, at the U. S. Courthouse, 316 Robert St., St. Paul, Minnesota. Joan M. Quade, Esq., and Bradley A. Kletscher, Esq., appeared on behalf of the Plaintiff AMB. Mary Cullen Yeager, Esq., and Michael B. Lapicola, Esq., appears on behalf of Defendant Law. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Compel is **granted** in part and **denied** in part, as provided herein [Docket No. 64].

2. Defendants' Motion to Compel is **granted** in part and **denied** in part, as provided herein [Docket No. 68].

3. Law shall produce a corporate witness to testify at a Rule 30(b)(6) deposition, as noticed by AMB. [Docket No. 64]. Law has waived any objection to the deposition by not filing for a protective order when it objection to the deposition, as required by

FILED FEB 0 6 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Rule 37(d).

4. Pursuant to Rule 30(g), Law shall pay AMB $450 in expenses because on both December 19, 2002, and December 20, 2002, AMB's counsel attended depositions noticed by Law that did not proceed. [Docket No. 64]

5. Law shall fully and completely answer AMB's Interrogatories 17 through 28 within 10 days of this Order. [Docket No. 64]. First, the pretrial scheduling order in this case did not limit the number of interrogatories each side could serve upon the other and, in any event, the parties had agreed to 35 in their Rule 26f report. This Court will not limit the parties to 25. Second, the interrogatories do not ask for attorney work product and Law's objection on that ground is denied. Third, the interrogatories are properly crafted contention interrogatories, presented near the end of discovery. This Court considers them to be in compliance with the ABA's Civil Discovery Standards regarding contention interrogatories.

The ABA Civil Discovery Standards (August 1999) discuss "contention interrogatories." Section 8 of the Standards says that, "Interrogatories that generally require the responding party to state the basis of particular claims, defenses or contentions made in pleadings or other documents should be used sparingly and, if used, should be designed to target claims, defenses or proper subjects of early dismissal or resolution or, alternatively, to identify and to narrow the scope of claims, defenses and contentions made where the scope was unclear."[1]

[1] The Comment to Section 8 of the ABA Civil Discovery Standards provides:

6. AMB need not produce the seven-volume set of closing binders. [Docket No. 68]. This Court has already ruled on this issue and Law has presented no further evidence to alter the decision of the Court. AMB's counsel has represented that the set contains no signed bills of sale, and Law has the affidavit of Martha Jordan regarding the Bill of Sale in the transaction relevant to this case. AMB is still bound by this Court's December 12, 2002, Order that it may not use in this litigation any document from the set that it has not produced to Law.

7. AMB shall answer Law's Document Requests 2, 3 and 7 (Set I). [Docket No. 68]. The requests are not overly broad. They are appropriate contention interrogatories, and this Court orders AMB to answer them within 10 days of this Order. However, AMB need not provide any documents that are not under its control.

8. AMB also shall answer Law's Document Requests (Set III). [Docket No. 68]. This Court finds that the requests were timely and orders AMB to provide the documents to Law within 10 days of this Order.

---

Contention interrogatories are expressly authorized by Fed. R. Civ. P. 33(c) and similar state rules, e.g., Tex. R. Civ. P. 194.2(c). Contention interrogatories, like all forms of discovery, can be susceptible to abuse. Among other things, they can be used as an attempt to tie up the opposing party rather than to obtain discovery. The legitimate purpose of contention interrogatories is to narrow the issues for trial, not to force the opposing side to marshal all its evidence on paper. See Tex. R. Civ. P. 194.2(c) cmt. (contention interrogatories "are not properly used to require a party to marshal evidence or brief legal issues").

The potential for overreaching is particularly present when interrogatories seeking the detailed underpinnings of the opposing party's allegations are served early in the case. Although, when used with discretion, interrogatories served near the outset of the case can be useful in narrowing the issues to define the scope of necessary discovery, contention interrogatories ordinarily are more appropriate after the bulk of discovery has already taken place. At that point, the party on whom the interrogatories are served should have the information necessary to give specific, useful responses. See, e.g., Fed. R. Civ. P. 33(c); Va. Sup. Ct. R. 4:8(e).

10. Steven Campbell is not required to appear for another deposition. [Docket No. 68]. Law has had the opportunity to fully depose this witness.

11. Richard Grobovsky is not required to appear for another deposition. [Docket No. 68]. Law has already had the opportunity to fully depose this witness, in excess of the seven hour limit in Rule 30(d)(2).

12. This Court deems the issue between Law and Dalco and Dan Lewis resolved. [Docket No. 68].

13. Each party shall bear its own costs for bring these Motions.

Dated: February 6, 2003

Arthur J. Boylan
United States Magistrate Judge